IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS, ) | 1:07-cv-01159-AWI-SMS-PC |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | CONTEMPT AND FOR COURT ORDER |
| vs. ) | REQUIRING PRISON AUTHORITIES TO |
| ) | PAY PLAINTIFF'S FILING FEE |
| ARNOLD SCHWARZENEGGER, et al., ) | |
| ) | (Doc. 5) |
| Defendants. ) | |
| ) | |

     Shadale L. Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the $350.00 filing fee for this action or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

     On September 10, 2007, plaintiff filed a "motion for contempt," in which he requested a court order requiring prison authorities to pay the filing fee for this action.  Plaintiff alleges that he has attempted to submit an application to proceed in forma pauperis to the court, in compliance with the court's order of August 28, 2007.  Plaintiff alleges that he has been unable to comply with the court's order because prison officials have not responded to plaintiff's requests for the documentation he requires, despite being provided with a copy of the court's

order.  Plaintiff argues that, due to their failure to respond, prison officials are in contempt of court, and therefore they should be required to pay plaintiff's filing fee.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Here, the prison officials who allegedly failed to respond to plaintiff's requests are not before the court in this action.  This action concerns constitutional rights which plaintiff claims were violated by Arnold Schwarzenneger and other named defendants.  Because an order requiring prison authorities to pay plaintiff's filing fee would not remedy the claim upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff.   Therefore, plaintiff's motion must be denied.

In light of the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for contempt and for a court order requiring prison authorities to pay plaintiff's filing fee is DENIED.

IT IS SO ORDERED.

**Dated:   November 5, 2007**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE