IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>             Plaintiff,<br><br>      vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>             Defendants. | 1:07-cv-01159-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION<br>(Doc. 20)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**I.      RELEVANT PROCEDURAL HISTORY**

Shadale L. Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on August 9, 2007. (Doc. 1.) On February 25, 2008, plaintiff filed a motion for immediate injunctive relief. (Doc. 20.)

**II.     PRELIMINARY INJUNCTION**

    **A.     Legal Standard**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and

1

1  the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937
2  (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable
3  injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
4  merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
5  or questions serious enough to require litigation." <u>Id</u>.

6        Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have
7  before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660,
8  1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454
9  U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th
10 Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the
11 matter in question. <u>Id</u>.

12     **B.**    **Discussion**

13       Plaintiff requests an immediate court order requiring that plaintiff's incoming and outgoing
14 confidential mail to the court be unimpeded, requiring that sanctions be imposed if plaintiff is threatened
15 or harmed for exercising his right to litigate this action, and providing plaintiff access to the law library
16 and reasonable postage. This action is proceeding against defendants for using excessive force, for
17 retaliating against plaintiff for exercising his rights to free speech and religion, for violation of the Due
18 Process Clause, and for acting with deliberate indifference to plaintiff's serious medical and safety
19 needs, in violation of the Eighth Amendment. Because an order mandating imposition of sanctions,
20 processing of mail, and access to the law library and postage would not remedy any of the claims upon
21 which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Therefore,
22 the court finds that plaintiff's motion must be denied.

23 **III.**    **CONCLUSION**

24       Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
25 preliminary injunctive relief, filed February 25, 2008, be DENIED.

26       These Findings and Recommendation will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

28

after being served with these Findings and Recommendation, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 16, 2008**                         /s/ **Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE

3