IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>      Plaintiff,<br><br>   vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>      Defendants.<br>_____/ | 1:07-cv-01159-AWI-SMS-PC<br><br>ORDER ADOPTING FINDINGS & RECOMMENDATION<br>(Doc. 23)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(Doc. 20.) |

Shadale L. Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On April 16, 2008, findings and a recommendation were entered, recommending that plaintiff's motion for preliminary injunction be denied. Plaintiff was provided an opportunity to file objections to the findings and recommendation within thirty days. On May 13, 2008, plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendation to be supported by the record and proper analysis. In the objections, Petitioner does not address the Magistrate Judge's concern that Plaintiff cannot obtain an injunction in this excessive force claim concerning Plaintiff's current mail and law library access. As explained by the Magistrate Judge, a preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the

court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). Since the complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and, as a result, the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of Plaintiff's claims. "[T]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Lebron v. Armstrong, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). Therefore, the objections provide no reason to not adopt the Findings and Recommendations.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendation issued by the Magistrate Judge on April 16, 2008, are adopted in full; and
2. Plaintiff's motion for preliminary injunction is DENIED.

IT IS SO ORDERED.

**Dated:   June 24, 2008**          /s/ Anthony W. Ishii
                                    UNITED STATES CHIEF DISTRICT JUDGE